IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-00124-WYD

BRUCE SEUFERT, an individual,

     Plaintiff,

v.

ANTHEM LIFE INSURANCE COMPANY, an Indiana corporation,

     Defendant.

---

## ORDER OF REMAND

---

THIS MATTER is before the Court on a review of the Notice of Removal filed

January 22, 2009 by Defendant Anthem Life Insurance Company.  By way of

background, this case involves Plaintiff's attempt to recover claimed benefits from his

insurer, the Defendant, after Plaintiff was diagnosed with West Nile Virus and became

unable to work.  Plaintiff alleges that Defendant had insured him under a short term

disability policy and never responded to his claim for insurance benefits.  Plaintiff claims

breach of contract, bad faith breach of insurance contract, and violation of C.R.S. § 10-

3-1115, which forbids an insurer from unreasonably delaying or denying payment of a

claim for benefits owed to or on behalf of a first-party claimant.

Defendant's Notice of Removal asserts that diversity jurisdiction exists pursuant

to 28 U.S.C. § 1332(a).  Defendant asserts therein that the amount in controversy

requirement is satisfied.  Further, Defendant asserts that Plaintiff is a resident of the

State of Colorado and Defendant is incorporated in the State of Indiana and has as its

principal place of business the State of Indiana.  Thus, Defendant contends that complete diversity of citizenship exists in this case.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendant to show that the amount in controversy is satisfied.  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Laughlin*, 50 F.3d at 873 (quotation omitted).  In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id.*  The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).  Thus, I turn to the Notice of Removal.  The Notice of Removal fails to allege any specific amount of damages.  It merely states that "the extent and serious nature of Plaintiff's claims as well as the Civil Cover Sheet which Plaintiff signed and submitted to the state court with his Complaint show that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs . . . ."  Notice of Removal at 4.  The civil cover sheet represents that Plaintiff is seeking a monetary

-2-

judgment for more than $100,000, exclusive of interest and costs.

I find that the Notice of Removal's vague statements in connection with the amount in controversy and the reference therein to the civil cover sheet filed in state court are not sufficient to establish that the jurisdictional amount is satisfied. The amount in controversy has not been affirmatively established on the face of either the Complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1). Further, as to reliance on the civil cover sheet, a number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. Oct. 3, 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, at *1 (D. Colo. June 22, 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. May 15, 2007); *see also Dean v. Illinois Nat. Ins. Co.*, Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (D. Colo. Oct. 5, 2007).

In finding that Defendants have not established the jurisdictional amount, I am guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction. Accordingly, it appears that the Court lacks subject matter jurisdiction over this action, and I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is hereby

ORDERED that the Clerk of Court is directed to **REMAND** this action to the

District Court, County of Denver, State of Colorado, from which the case was removed.

Dated: January 30, 2009.

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge